UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND WRIGHT,<br><br>    Plaintiff<br><br>    v.<br><br>SHERIFF'S DEPUTY GUTIERREZ,<br><br>    Defendant. | Case No. 2:11-cv-4343-PSG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), Plaintiff's Objections to the Report, filed on December 23, 2015 ("Objections"), and the Defendant's reply to Plaintiff's Objections. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

For the reasons that follow, nothing in the Objections affects or alters the analysis and conclusions set forth in the Report. Therefore, the Court accepts the findings and recommendations set forth in the Report.

In the Objections, Wright argues that the Magistrate Judge erred because he (1) was "never informed by the court that … [he would] have to make personal appearances at a scheduled hearing or that [he would] be subjected to having [his]

suit dismissed for failure to appear"; (2) did not intentionally fail to attend the hearing because he believed his case had to be prosecuted on paper; (3) was prevented by prison officials from timely responding initially when he received the discovery requests on June 26, 2014; and (4) relied on the first paragraph of the Court's August 20, 2015 order when he filed objections instead of answering discovery responses. [Dkt. 141 at 1-3.] None of these reasons is persuasive.

Wright's first two arguments both relate to his non-appearance at the November 4, 2015 hearing. As a preliminary matter, Wright undoubtedly had notice of the hearing, as the Court stated that it would "maintain the hearing set of November 4, 2015" in a September 29, 2015 minute order. [Dkt. 132 at 1.] In fact, Wright filed a declaration after he missed the hearing explaining his intentional decision not to attend the hearing. [Dkt. 137 at 1 ("The Court didn't instruct Plaintiff to appear for such hearing. As a result, Plaintiff did not appear for the hearing.").]

It is well established that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *Barnett v. Duffey*, 621 Fed. App'x 496, 497 (9th Cir. 2015) (quoting *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987), *overruled on other grounds by Lacey v. Maricopa Cty.,* 693 F.3d 896 (9th Cir.2012) (en banc)); *see also* C.D. Cal. Local Civ. R. 1-3 ("**Applicability of Rules to Persons Appearing Without Attorneys.** Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."). The Magistrate Judge correctly applied the Local Rules to determine that Wright's non-appearance *could* constitute consent to the motion.

Most importantly, however, even if Wright were correct, the Report clearly does not rely solely, or even primarily, on the Local Rules when recommending dismissal. [*See* Dkt. 140-1 at 9 ("Although Not the Primary Basis for the Court's Ruling, Wright's Failure to Appear at the November 4, 2015 Hearing Further Supports Dismissal.").] Rather, the Magistrate Judge performed the accepted

inquiry for motions seeking dismissal under Federal Rule of Civil Procedure 37(b)(2)(A)(v). [*Id.* at 5-9.] The key fact mandating dismissal—a fact Wright's Objections completely gloss over—is his unambiguous statement that he would never comply with his discovery obligations as ordered by the Court. Accordingly, the first two objections do not provide a basis for rejecting the Magistrate Judge's Report.

Second, as the Magistrate Judge had before warned Wright, his disagreement with the Court's original order does not provide a basis for flagrant disobedience. [*See* Dkts. 127, 140-1 at 5 n.2; *see also* Dkt. 125 (outlining Wright's discovery obligations).] If anything, quite the opposite: his disagreement reflects the willful nature of his failure to turn over court-ordered discovery.

Finally, Wright could not have relied on any portion of the Magistrate Judge's August 20, 2015 order to determine filing additional discovery objections was appropriate. According to Wright, he "replied to what was stated in the first paragraph of the first page of the Court's Aug. 20, 2015 order that stated [he] can file proper objections." [Dkt. 141 at 3 (citing Dkt. 127 at 1).] But Wright misconstrues the four-word parenthetical "or filing proper objections" to refer to discovery objections. [*See* Dkt. 127 at 1.] The Magistrate Judge was clearly referring to objections to her August 3, 2015 order under Federal Rule of Civil Procedure 72. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). Certainly, the Magistrate Judge was not undoing her prior orders. Nor would a conclusion that the parenthetical permitted discovery objections have been consistent with the rest of the paragraph explaining that "[r]egardless of whether Wright agree[d] with the November 4, 2014 order, that order [wa]s now the established law of the case." [Dkt. 127 at 1.] And Wright's earlier, defiant statement to the Court—that "Plaintiff correctly did not respond to the letter or provide discovery responses without objections **and will not 'ever' provide such responses**" because prison officials

thwarted his timely efforts [Dkt. 133 at 1 (emphasis added)]—conflicts with his alleged understanding of the order as permitting discovery responses with objections to suffice. [*See also id.* at 1-2 (arguing that he did not forfeit a right to object).]

Accordingly, **IT IS ORDERED** that:

(1) Gutierrez's motion for terminating sanctions is GRANTED;

(2) Wright's case is DISMISSED WITH PREJUDICE; and

(3) Judgment be entered in favor of Gutierrez.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: 1/7/16

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

4